IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

LOREN W MAY, JR.,               )
                                )
        Movant,                 )
                                )
v.                              )   Case no. 06-00183-CV-W-DW-P
                                )
UNITED STATES OF                )
AMERICA,                        )
                                )
        Respondent.             )

ORDER

Before the Court is Movant's pro se 28 U.S.C. § 2255 Motion.[1] (Doc. 1). In his motion, Movant alleges he received ineffective assistance of counsel because his attorney failed to adequately explain to the Court why he wished to withdraw his guilty plea, and his attorney failed to appeal his sentence and conviction.

To establish a claim for ineffective assistance of counsel, May must show (1) counsel's representation was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires that Smith demonstrate that counsel made errors so serious that the attorney ceased to function as the "counsel" guaranteed by the Sixth Amendment. But "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

May states that his attorney was ineffective because his attorney did not advise the Court of

---

[1] Movant refers to 28 U.S.C. § 2254. Because Movant is contesting a federal criminal conviction and sentence, the Court considers this motion to be filed pursuant to 28 U.S.C. § 2255.

the reasons why he wanted to withdraw his guilty plea and because his attorney failed to appeal his sentence and conviction.

Pursuant to May's plea agreement with the Government, Movant was not entitled to withdraw his guilty plea. However, May filed a multitude of letters with the court asserting his innocence and requesting withdrawal of the guilty plea. After given leave of court, May's attorney filed a motion to set aside the guilty plea (Case No. 4:04-cr-00246-dw, Doc. 210). May's attorney argued that May was mislead and the Court properly denied the motion. (Case No. 4:04-cr-00246-dw, Doc. 230). May's attorney could not argue in the motion that May was actually innocent as that directly contradicted May's previous statements, made under oath, which could potentially subject May to perjury charges. The Court is unable to find that this behavior constitutes "errors so serious that the attorney ceased to function as the 'counsel.'"

For the reasons set forth in the Court's Order of October 14, 2005 Case No. 4:04-cr-00246-dw, Doc. 230), the Court finds that Movant is unable to show that he would be entitled to relief had his attorney performed any differently. Therefore, even if May could establish that his attorney's actions were deficient, he would be unable to establish prejudice.

Upon review of the § 2255 motion and the supporting record, the Court further concludes that May has not made a substantial showing of the denial of a constitutional right such that the issues presented here are debatable among jurists of reason. See Randolph v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (*citing* 28 U.S.C. § 2253(c)(2)). As such, the Court declines to issue May a certificate of appealability on any of the grounds raised in the § 2255 motion.

For the reasons set forth above, it is hereby ORDERED that May's 28 U.S.C. § 2255 motion (Doc. 1) is DENIED. Furthermore, the Court DECLINES to issue a certificate of appealability on any of the claims raised in the § 2255 motion.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date: July 24, 2006